UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REGINALD LOWE, ET AL

CIVIL ACTION

VERSUS

NUMBER 13-615-BAJ-SCR

PROPERTY AND CASUALTY
INSURANCE COMPANY OF HARTFORD

### RULINGS ON MOTION TO COMPEL INSPECTION OF PROPERTY, MOTION FOR EXTENSION OF TIME, AND MOTION FOR EXPEDITED CONSIDERATION

Before the court are the Motion to Compel Inspection of Property, the Ex Parte Motion for Extension of Time to Exchange Expert Report, and the Motion for Expedited Consideration of Motion to Compel Inspection [Rec. Doc. 12] and Ex Parte Motion for Extension of Time to Exchange Expert Report [Rec. Doc. 13], filed by defendant Property and Casualty Insurance Company of Hartford (hereafter, "Hartford"). Record document numbers 12, 13 and 15, respectively. The motions to compel inspection and for extension time are opposed.[1]

There being no opposition to the defendant's motion for expedited consideration, that motion is granted. For the reasons which follow, the defendants other two motions are denied.

According to the motion to compel inspection, on November 18, 2013 counsel for the defendant requested, via an email, that the defendant's expert be allowed to inspect the plaintiffs' property

---

[1] Record document number 16.

before he issued his expert report, which is due by December 16, 2013.  The next day counsel for the plaintiffs asked that the defendant make a formal Rule 34 request for inspection. Defendant served a request for inspection on November 19, 2013, proposing an inspection of the plaintiff's property on December 5, 2013.  As provided by Rule 34, Fed.R.Civ.P., the plaintiffs have 30 days to respond, but the defendant's proposed inspection date was far less than that.  Then the defendant filed this motion on December 10, before the plaintiffs' 30-day response period expired. Consequently, the defendant's motion is premature and is denied.

Defendant's motion for extension of time seeks to extend the deadline for the defendant to produce its expert witness report until 20 days after its expert inspects the plaintiffs' property.

Rule 16, Fed.R.Civ.P., requires a showing of good cause to extend a scheduling order deadline.  This motion does not contain sufficient information to support finding good cause.  While the motion asserts that the "[p]laintiffs have ignored repeated requests to permit The Hartford's expert to inspect their property before submission of its expert report," the only requests for inspection described in the motion are (1) the email on November 18, (2) the formal Rule 34 request served the next day, and (3) a letter dated December 4, 2013 to counsel for the plaintiffs asking for a response to the Rule 34 request for inspection, alternative dates for an inspection, and whether the plaintiffs would agree to

an extension of the defendant's expert report deadline.  As to the first request, it clearly was not ignored - rather, counsel for the plaintiffs promptly asked that the defendant make a formal Rule 34 request.  As to the second, formal Rule 34 request, the time for the plaintiffs to respond has not expired and the plaintiffs are under no obligation to respond sooner.[2]  As to the letter, the plaintiffs were under no obligation to provide alternative dates for an inspection or agree to an extension of the defendant's deadline.

The motion does not explain why the defendant did not seek an inspection of the property until November 18, 2013 - less than a month before the defendant was due to produce its expert report.  The case was removed to this court almost six months ago, and the Scheduling Order was issued three months ago.  Defendant's expert report deadline in the Scheduling Order is the one suggested by the parties in their Status Report.  There is nothing described in any of the defendant's motions that justifies waiting until November 18, 2013 to seek an inspection of the plaintiffs' property.  Insofar as the defendant argued that it need not rely on the plaintiffs' exert regarding various aspects of the property, and is entitled to an inspection by its own expert to verify the accuracy

---

[2] Defendant sought expedited consideration of its two motions, but did not move to require the plaintiffs to respond to its Rule 34 request for inspection in less than 30 days, as it could have done under Rule 34(b)(2)(A).

3

of the plaintiffs' expert's assertions, both statements are true - but neither is good cause to extend the defendant's expert report deadline.

Defendant created the problem it now faces: it failed to seek an inspection of the plaintiffs' property until November 18, 2013. Defendant's lack of diligence in seeking an inspection of the plaintiff's property does not justify now extending its expert report deadline.

Accordingly, the defendant's Motion for Expedited Consideration of Motion to Compel Inspection [Rec. Doc. 12] and Ex Parte Motion for Extension of Time to Exchange Expert Report [Rec. Doc. 13] is granted, and the defendant's Motion to Compel Inspection of Property and its Ex Parte Motion for Extension of Time to Exchange Expert Report are both denied.

Baton Rouge, Louisiana, December 13, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE