UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


REGINALD LOWE, ET AL

                              CIVIL ACTION

VERSUS

                              NUMBER 13-615-BAJ-SCR

PROPERTY AND CASUALTY
INSURANCE COMPANY OF HARTFORD


**RULINGS ON MOTION TO QUASH SUBPOENA AND NOTICE OF DEPOSITION**

      Before the court is The Hartford's Motion to Quash Subpoena and Notice of Deposition of Kevin Collett filed by defendant Property and Casualty Insurance Company of Hartford (hereafter, "The Hartford"). Record document number 20. The motion is opposed.[1]

      The history of the parties' attempts to schedule the deposition of Kevin Collett, along with other deposition, is well described in the copies of letters and emails attached as exhibits to the parties' memoranda. A fair summary is this: timely request for dates (email, November 27, 201) went without a prompt response even after a reminder (letter, December 19, 2013), and when the response finally came (letter, December 23, 2013) the dates offered were not available (letter, January 14, 2013). Given the

---

[1] Record document number 16. Expedited consideration of the motion was granted and oral argument was scheduled for January 24, 2014. Record document number 22. However, the oral argument was canceled after the courthouse was unexpectedly closed due to inclement weather. Record document number 25.

approaching January 31, 2014 fact discovery completion deadline,[2] the plaintiffs' attorney noticed Collet's deposition in Baton Rouge for January 27, 2014 at 12:30 p.m. – the same date as the deposition of Jennifer Jones that he noticed to take place in Chicago at 3:00 p.m.. Defendant's attorney who was personally attending the Chicago deposition was also going to be personally attending Collet's deposition, and obviously could not timely get from one to the other. Possible solutions were offered, e.g. defendant's attorney could attend Collet's deposition by telephone, one of the other attorneys representing the defendant could attend Collet's deposition, or Collet's deposition could be moved to January 29 of 30, but none were acceptable to both sides.

Consideration of all the parties' arguments and exhibits supports the conclusion that neither side is blameless - both had a hand in creating this situation. But little is gained from determining which side is the most to blame, and it would be a close call anyway. So, the better course is to find a solution which is fair to both sides.

Considering all the circumstance, the best solution is to quash the subpoena issued to Collett and reschedule his deposition. He lives in Metairie, Louisiana, so travel is not a significant consideration (and presumably he has already been tendered his travel costs with the subpoena for the January 27 deposition). The

---

[2] Record document number 9, Scheduling Order.

2

Scheduling Order has a bit of flexibility, such that the time for the parties to complete fact discovery can be extended for a couple of weeks for the purpose of deposing Collet.

Accordingly, The Hartford's Motion to Quash Subpoena and Notice of Deposition of Kevin Collett is granted. The deadline to complete fact discovery is extended to February 14, 2014, solely for the purpose of deposing Kevin Collett. The date, time and place for his deposition shall be selected, and a notice of deposition shall be filed, by no later than January 31, 2014. The attorneys are strongly encouraged to select a mutually convenient deposition date, and to do so immediately before or after the deposition of Jennifer Jones, since they will be able to speak together at that time.

There should be no need for the court to become further involved in scheduling the deposition of Kevin Collet. But if that becomes necessary, the court will be prepared to promptly do so.

The parties shall each bare their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, January 24, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3